[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ADDENDUM TO MEMORANDUM OF DECISION OF SEPTEMBER 6, 2000
Inasmuch as the following pages were inadvertently omitted from the court's decision, the following should be appended to said decision at page 19 (prior to the court's discussion of Count Three).
 THE ALLEGATION THAT THE PROSECUTION ENGAGED IN A PATTERN AND PRACTICE OF SUPPRESSION OR LATE DISCLOSURE OF EVIDENCE
This court believes and finds that this claim has no merit in this habeas proceeding.
First, the law is clear that inasmuch as the issue of discovery was previously litigated and rejected by our Supreme Court, it is therefore inappropriate in this habeas proceeding. Summerville v. Warden,229 Conn. 397, 419 (1994).
Secondly, in order for the petitioner to be entitled to review of the additional prosecutorial misconduct claims he must demonstrate cause for his failure to raise them at the trial level and, in addition thereto, the prejudice resulting from the alleged acts of prosecutorial misconduct must be demonstrated. Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct 2497,53 L.Ed.2d 594 (1977). The petitioner has failed to do either.
Thirdly, as to the factual allegations of prosecutorial misconduct, this court was presented with no credible evidence to support this claim and so finds.
The court therefore finds in favor of the respondent on this claim of prosecutorial misconduct.
 THE ALLEGATION THAT THE PROSECUTION'S OFFER OF IMPROPER DEMEANOR EVIDENCE PREJUDICED THE OUTCOME
This court discusses this allegation under the ineffective assistance of Trial Counsel claim and finds Atty. Culligan's actions not to be inappropriate (See #4, page 27).
Here again is a claim that cannot be relitigated in this proceeding because it was an evidential question to be ruled on by the trial court and further pertains to an argument by the prosecutor that could have been reviewed. There is no showing that prejudice resulted from this alleged prosecutorial conduct nor that such conduct was improper.
Freed, J.